CITIZENS' BANK & TRUST CO. OF BELZONI *v.* McCOY *et al.*

(Division A.   Jan. 13, 1930.)

[125 So. 537.   No. 28034.]

Montgomery & Montgomery, of Belzoni, for appellant.

94

**C. M. Murphy,** of Belzoni, for appellees.

Argued orally by **M. V. B. Montgomery,** for appellant, and by **C. M. Murphy,** for appellees.

**Smith, C. J.,** delivered the opinion of the court.

On March 10, 1927, the appellees applied to S. Castleman for a loan of four thousand two hundred dollars, and he agreed to make it, but said that he would have to obtain the money therefor from the Staple Cotton Discount Corporation. They thereupon executed to him two promissory notes for two thousand two hundred dollars each, due October 15th thereafter, payable to Castleman or bearer, and secured their payment by executing, to Castleman a deed of trust on land and the cotton to be grown thereon in the year 1927.

Castleman borrowed from the Staple Discount Corporation thirty thousand dollars, securing the payment thereof by a deed of trust on certain land and live stock and crops to be grown on the land during the year 1927. As further security therefor, Castleman assigned to the discount corporation a four thousand dollar certificate

of stock in the corporation, and several notes secured by deeds of trust, among which were the notes and deed of trust executed to him by the appellees.

The deed of trust executed by the appellees to Castleman was recorded in the office of the chancery clerk of Humphreys county, wherein the property described therein was situated, on the 11th day of March, 1927, and his assignment of the notes secured thereby to the Staple Cotton Discount Corporation was recorded therein on the 17th day of March, 1927.

Castleman reported to the appellees that he could not obtain the money from the discount corporation with which to comply with his promise to lend them the four thousand four hundred dollars, and told them that the appellant, the Citizens' Bank & Trust Company, of which, according to the evidence, he was an executive officer and the directing and controlling head, would lend them what money they wanted; and thereupon the bank, acting through Castleman and another of its executive officers, agreed to, and did, lend to the appellees the sum of ten thousand dollars, on the 21st day of March, 1927, the appellees executing to the bank their promissory note for ten thousand dollars due on the 1st day of November, 1927, secured by a deed of trust on the same lands, and crops embraced in their deed of trust to Castleman.

Castleman told the appellees that he had delivered the note and deed of trust executed to him by them to an officer and agent of the Staple Cotton Discount Corporation, but would obtain them and return them to the appellees. This he did not do, and no request so to do appears thereafter to have been made of him by the appellees.

When the appellees gathered their cotton, it was baled and stored in a warehouse, which issued to them receipts therefor. These receipts were delivered by the appellees to the appellant. Afterwards Castleman suggested to the appellees that the warehouse receipts for the cotton

be turned over to the Staple Cotton Co-operative Association for the sale of the cotton by the association, and the payment of the proceeds to the bank; to which the appellees agreed, and the receipts were delivered by Castleman to the association accordingly.

The cotton was sold by the association, and a part of the proceeds thereof was paid by it to the discount corporation on the notes executed by the appellees to Castleman, and which had been assigned by him to the discount corporation; the remainder of the proceeds of the cotton seems to have been paid by the corporation to the appellant. At all events, it credited the appellees therewith, and this suit is for that portion of the proceeds of the cotton for which the appellees have received no credit.

The relation between the discount corporation and the co-operative association does not clearly appear, except that they have the same officers, in part, at least; and the discount corporation lends money on cotton crops and other security, the cotton being delivered by the grower to the co-operative association for sale and payment of the proceeds thereof to the discount corporation for credit on the debt due it by the grower.

The debt due by Castleman to the discount corporation was paid in June, 1928, in some way, but how does not appear; and the corporation canceled of record the deed of trust executed to it by Castleman.

The appellees admit that the discount corporation had a lien on their cotton paramount to the lien of the appellant. Their first contention is that the discount corporation had security for the debt due it by Castleman on property other than their cotton, more than sufficient for the payment of Castleman's debt to it, and that it was the appellant's duty to force it to resort to this security before applying the proceeds of appellees' cotton to the payment of Castleman's debt to it; and had this been done, their cotton would have been relieved of the discount corporation's lien thereon. This contention may

be disposed of by saying that, conceding that the appellant had such a right, it violated no duty it owed to the appellees in not enforcing it.

Their second contention is that they had this right themselves, and were deprived of it by the failure of the appellant to notify them of the discount corporation's lien on the cotton, which lien was known to the appellant, but not to them.

This contention presents several difficult questions, all of which would have to be decided in the appellees' favor before reaching another which must necessarily be decided against them, and to which we will therefore come at once, without expressing any opinion as to the other; and that is, that in order for the appellees to recover, assuming that they are otherwise entitled so to do, it must clearly appear that, by a bill in equity, they could have compelled the discount corporation to resort to the other security it held for Castleman's debt, before applying the proceeds of their cotton thereto; and that had this other security been so resorted to, sufficient money would have been realized therefrom to pay Castleman's debt to the discount corporation. This essential fact does not here appear.

The evidence fails to disclose the value of the land included in Castleman's deed of trust to the discount corporation, the existence and value of the live stock included therein, or what cotton, if any, was raised by Castleman on the land in 1927; nor does it disclose whether this deed of trust was a paramount lien on the property. There is no evidence relating to the promissory notes signed by Castleman to the discount corporation other than the assignment thereof. There is also no evidence of the value of the stock certificate put up by Castleman as additional security for the debt due by him to the discount corporation. With the evidence in this shape a court of equity could not have compelled the discount corporation to resort to its other securities before applying the proceeds of the appellees' cotton to

the debt due it by Castleman; from which it necessarily follows that the appellees cannot recover here, and consequently the court below should have granted the appellant's request for a directed verdict.

Reversed and cause dismissed.